NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FUMIZER, LLC,

  Petitioner,

  v.

UNITED STATES FOOD AND DRUG
ADMINISTRATION,

  Respondent.

No.  25-5366

MEMORANDUM*

On Petition for Review of a Final Marketing Denial Order
by the United States Food and Drug Administration

Argued and Submitted June 11, 2026
San Francisco, California

Before: NGUYEN and VANDYKE, Circuit Judges, and HUIE, District Judge.**

Fumizer, LLC ("Fumizer") petitions for review a marketing denial order

("MDO") by the U.S. Food and Drug Administration ("FDA").  We dismiss the

petition as untimely filed.

The Family Smoking Prevention and Tobacco Control Act ("TCA")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert S. Huie, United States District Judge for the
Southern District of California, sitting by designation.

provides that a petition for review shall be filed "[n]ot later than 30 days after . . . a denial of an application under section 387j(c) of this title." 21 U.S.C. § 387*l*(a)(1). The marketing denial order was issued on July 22, 2025, and bears that date in its upper left-hand corner. On the same date, the FDA sent the order to Fumizer by United Parcel Service, and the order was delivered the following day on July 23, 2025. The FDA asserts that also on July 22, 2025, the FDA called Fumizer to advise of the denial, and emailed a copy of the order to Fumizer. Although Fumizer has argued in its briefing that "[t]he [] email was not received by Petitioner," at oral argument Fumizer's counsel stated that Fumizer was not disputing that the email was sent. Fumizer's petition for review was filed on August 22, 2025, thirty-one days after issuance, and therefore one day past the time provided by the TCA.

The parties dispute whether the thirty-day deadline contained in the TCA is a prerequisite for the exercise of jurisdiction by this Court, or instead, whether this Court may apply the doctrine of equitable tolling to excuse the delay. But either interpretation of the statute reaches the same result here. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Fumizer has not met that burden. Fumizer argues in conclusory terms that it "acted

2

diligently and filed promptly after receipt of the written order," and that the delay "stems from FDA's choice to communicate the MDO through multiple channels and to serve the operative written order by delivery." These statements establish neither Fumizer's diligence nor extraordinary circumstances that prevented it from timely filing its petition. Any confusion caused by the FDA sending notice of the denial to Fumizer through multiple channels could have been readily resolved by referring to the date of issuance as listed on the order itself. Equitable tolling would therefore not apply to excuse Fumizer's late filing here.

At oral argument, Fumizer argued that the FDA's means of conveying notice of the marketing denial order were inadequate to effectuate service of the order, which according to Fumizer could only have been through personal service or by registered or certified U.S. mail, as provided in 21 U.S.C. § 387j(e). Fumizer did not raise this argument in its briefing, and we decline to consider it. *See Stockton v. Brown*, 152 F.4th 1124, 1143 (9th Cir. 2025) ("[A]rguments that are raised for the first time at oral argument are deemed waived, and we will not reach them.").

**DISMISSED.**